JOSEPH L. GREEN *vs.* THE COUNCIL OF NEWARK, a corporation existing under the laws of the State of Delaware.

*Case—Personal Injuries— Public Highway or Streets of City; Defects in—Negligence—Nonsuit Refused—Damages.*

1. Upon the evidence presented by the plaintiff, motion for nonsuit refused.

2. It is the duty of the persons having charge and control of the streets or highways of a town or city to keep them in a reasonably safe condition, free from holes, pits or other obstructions, so that they may be safe for the traveler, on foot or otherwise, who may use them in a lawful and careful manner. And in the absence of any knowledge to the contrary, the traveler may presume that such streets or highways are in such safe condition, and in such case he is not bound to look out, or search, for holes or other obstructions.

3. On the other hand, if the traveler has knowledge of the existence of any obstruction or danger, he is put upon his guard, and must look out for such obstruction, and take all such precaution to avoid injury therefrom as an ordinarily prudent person would take under such conditions. If, knowing the danger, he carelessly incurs risk and is injured thereby, he may not hold others accountable, even though such others may have been jointly negligent with him.

4. Even though the plaintiff knew that the footway or crossing was in a dangerous condition, yet if he was injured thereon and thereby while using such reasonable care as the conditions demanded (that is without negligence on his part), he would be entitled to recover, provided the defendant had actual or constructive knowledge of such dangerous condition. But if the plaintiff, with knowledge of the danger, carelessly and negligently saw fit to use the crossing, and was thereby injured, he would not be entitled to recover, for in such case he would be guilty of contributory negligence.

(*March 10, 1905.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Josiah Marvel* for plaintiff.

*Charles B. Evans* and *J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, February Term, 1905.

ACTION ON THE CASE (No. 163, May Term, 1904), to recover damages alleged to have been sustained by plaintiff on November

11, 1903, by being caught and thrown upon a defective footway or crossing, on Chapel Street in the town of Newark. Plaintiff claimed that said defective footway was allowed to be and remain in such condition through the negligence of the defendant.

The plaintiff testified concerning the accident and his knowledge of the locality and condition of the stone, and also as to his injuries, as follows:

*By Mr. Marvel:*

Q. What happened to you on the night of November 11th, 1903, if anything? A. I fell on a loose flagstone on Chapel Street, in Newark in this county, and crippled my back.

Q. Tell the Court and the jury how this accident happened? A. Well, I was going up to my son's store—he had a little store on the corner—to my home and was walking along with my little boy seven years old alongside of me, and I went across this street with my boy along close by me. I was walking along as I always do ordinarily, as any ordinary man would; and I stepped on the edge of this loose flagstone and it tilted with me and my foot went down between it and it caught that foot and I made the other step, and it went from under me and throwed me on my back.

Q. Was this stone lighted by any street lamp? A. There was a street lamp right below it, but there was a tree that stood between the light and the stone, and it made a kind of shade over the stone; a shadow.

Q. Tell the Court and the jury, now, the condition of that stone at that time? A. Well, the stone appeared that it laid on a pivot. Sometimes that stone would be apparently placed so that it did not rock much, and other times it went that way. (Witness indicates a rocking motion.)

Q. How long had you known of this stone being in that loose condition? A. For two years.

Q. In what condition was that stone the last time you noticed it prior to the time of the accident? A. Well, it appeared to be pretty solid.

Q. Knowing this, will you explain to the jury just how you approached the stone to cross it that night? A. Well, I knew that the stone was a dangerous place at times, and I always looked for it, which any man would that knew the stone to be in that condition; and I came up there walking slow with my little boy alongside of me, and of course this shadow of the tree was there, and I stepped on this stone; and the last time I had noticed it, it was up close together, and this time it was far enough apart just to let my foot go between it.

Q. Did you look at the stone to see if it was flat or otherwise before you crossed it? A. Yes, sir; but I could not tell for this shade that was over it, how it was laying.

Q. What happened to you after this accident? A. I lay there and tried to get up and could not do it until help came and gathered me up and taken me in the house.

Other witnesses testified on behalf of plaintiff corroborating his testimony as to the insecure condition of the footway or stone in question and that it had continued in such condition for a year or more prior to the accident to the plaintiff; one witness testifying that by reason of the rocking motion of the stone she had slipped and come near falling.

There was also testimony to the effect that the defendant town council had been notified of the defective condition of the crossing six months prior to the accident.

The defendant moved for a nonsuit on the ground that the plaintiff had actual and constructive knowledge of the defects alleged to have caused the injury, having crossed over the particular crossing three or four times daily for several years before the accident, knew where the stone was, knew of its defective condition, but nevertheless stepped upon it; that he was therefore guilty of contributory negligence and could not recover.

LORE, C. J.:—For the purpose of this nonsuit, we are only to determine now whether there is any evidence to go to the jury to

show that the plaintiff exercised reasonable care and caution with the knowledge with which he was affected.

While we do not attempt to pass upon the merits of the case or upon plaintiff's right to recover or anything of that kind—that being for the jury—yet it does occur to the Court that there is some evidence to go to the jury as to the degree of caution with which the plaintiff approached that stone with the knowledge with which he was affected, and that therefore it is a question for the jury and that we ought not to take it away from the jury.

We therefore refuse to grant the nonsuit.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Joseph L. Green, the plaintiff in this action, seeks to recover from the Council of Newark, a municipal corporation of this State, the defendant, damages which he alleges he sustained on the eleventh day of November, 1903, by being caught and thrown upon a footway or crossing on Chapel Street in the town of Newark, which he alleges was caused by the negligence of the defendant.

The plaintiff claims, that on the evening of the day named, while he and his little boy, in the exercise of due care, were walking upon the stone footway of the crossing on Chapel Street, one of the stones of the footway which was unsafely bedded turned, threw the plaintiff down, and so injured him in his back and otherwise that for nearly a year he was unable to work, and that he still suffers therefrom ; that the crossing was in a dangerous condition at the time of the accident, and had been so dangerous for a long time before ; that the defendant knew of such condition and negligently permitted it to continue.

The defendant on the other hand claims (1) that the footway at the time of the accident was in a reasonably safe condition ; (2) that even if it was in a dangerous condition the plaintiff was fully acquainted therewith and negligently took the risk of using it as he did.

There are no difficult or contested questions of law in this case.

It is our duty, however, under the prayers of the respective parties to the action, to instruct you as to certain principles of law that bear upon the case.

We have been asked by the counsel for the defendant, to instruct you to return a verdict for the defendant. This we decline to do. We consider that the case should be determined by the jury upon the evidence submitted, and under the charge of the Court.

It is not denied that Newark is an incorporated town of this State, and that the Council of Newark, the defendant, had full jurisdiction and control of the streets and crossings of the said town at the time of the accident, and that Chapel Street was one of the said streets and a public highway of this county.

Such streets or highways are for the use of the public and for the public convenience. It is the duty of the persons having control of them to keep them in a reasonably safe condition, free from holes, pits or other obstructions, so that they may be safe for the traveler, on foot or otherwise, who may use them in a lawful and careful manner.

In the absence of any knowledge to the contrary, the traveler may presume that such streets or highways are in such safe condition, and in such case he is not bound to look out or search for holes or other obstructions.

On the other hand, if the traveler has knowledge of the existence, nature and character of any obstruction or danger, he is put upon his guard, and must look out for such obstruction, and take all such precautions to avoid injury therefrom as an ordinarily prudent person would take under such conditions. His care and precaution should be in just proportion to the measure of his knowledge. If knowing the danger he carelessly incurs risk and is injured thereby, he may not hold others accountable for the results of his own negligence, even though such others may have been jointly negligent with him.

The right of the plaintiff to recover in this action is founded upon the negligence of the defendant. If there was no negligence

on the part of the defendant, there can be no recovery. The burden of proving such negligence rests upon the plaintiff.

In reaching your verdict you are to be governed by the law as we have stated it in this charge.

If you should be satisfied from the evidence that at the time of the accident the footway or crossing in question was in a dangerous condition, although known by the plaintiff so to be, yet that the plaintiff was injured in crossing the footway while using such reasonable care as the conditions demanded (that is, without negligence on his part), your verdict should be for the plaintiff, provided the defendant had actual or constructive knowledge of such dangerous condition.

Should the evidence, however, satisfy you that the footway was then in a dangerous condition, and known to the defendant to be so, but that the plaintiff was entirely familiar with such condition, and with such knowledge carelessly and negligently saw fit to use that crossing, and was thereby injured, your verdict should be for the defendant. In such case the plaintiff would be guilty of contributory negligence and may not recover, as the law will not attempt to measure the extent of each one's contribution to the accident.

If you should find that at the time of the accident the footway was in a reasonably safe condition, your verdict should be for the defendant.

Where testimony is conflicting, as in this case, the jury should reconcile such testimony if they can ; but if they cannot so reconcile it, they should give credit to those witnesses who, from their apparent intelligence, truthfulness, impartiality and opportunity of knowing the facts about which they speak, most entitle them to credit ; taking into consideration all the facts and surroundings of the case.

Your verdict should be based upon a careful consideration of all the testimony, and for either the plaintiff or defendant as you may deem just.

Should your verdict be for the plaintiff, it should be for such an amount as would reasonably compensate him for expenses incurred in treating his injuries, for his bodily pain and suffering, for loss of wages incurred in the past and for such permanent disability to earn a living in the future as may be the result of the injuries sustained by him in the accident set out in the declaration.

The jury disagreed.